

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANA McCARTHY,

                        Plaintiff,

-against-

REPUBLIC OF PANAMA,

                        Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

19-CV-3043 (WFK)(RER)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 17, 2019, *pro se* plaintiff Ana McCarthy ("Plaintiff") filed the above-captioned complaint against the Republic of Panama. Her request to proceed *in forma pauperis* ("IFP") is granted solely for the purpose of this Order. For the reasons that follow, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The complaint comprises hand-written entries on a form complaint. In the space to provide a basis for jurisdiction, Plaintiff alleges diversity of citizenship. Compl. at 4, ECF No. 1. She asserts damages in the amount of $150,000,000 for "confiscated assetts [*sic*]" and "property destruction." *Id.* at 5. In the "Statement of Claim" section of the form complaint, she asserts that the Panamanian government "expropriated assetts [sic] on the basis of race and religion." *Id.* In the section for "Relief," she references the Foreign Sovereign Immunities Act. *Id.* at 6. She states that "persecution" occurred in "1941-1948-1951" and that property, including a vehicle, had been damaged on December 26, 2013 and January 23, 2019. *Id.*

Plaintiff previously filed a civil action against the Republic of Panama in which she asserted that her family had lost valuable assets during a 1941 massacre of foreign settlers in Cotito, Panama. *See McCarthy v. Republic of Panama*, 18-CV-4494. That action was dismissed

for lack of subject matter jurisdiction because the Republic of Panama is immune from suit under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605 ("FSIA"). *McCarthy v. Republic of Panama*, 18-CV-4494, slip op. (Sept. 14, 2018) (Kuntz, J.).

## DISCUSSION

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A plaintiff seeking to bring a lawsuit in federal court must also establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A defendant's immunity from suit divests the Court of subject matter jurisdiction." *Georges v. United Nations*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016).

A special jurisdictional provision, 28 U.S.C. § 1330, provides for original jurisdiction in the district courts for limited types of civil actions against foreign states pursuant to the FSIA. "[T]he FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). "Under the Act, a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). These exceptions include circumstances in which: the foreign state has waived its immunity; the activity or issue arose in the United States; a loss of property occurred in violation of international law; the action involves maritime liens arising under admiralty law; or the foreign state is responsible for terrorist acts. *See* 28 U.S.C. §§ 1605, 1605A. The "expropriation" or "takings" exception contained in 28 U.S.C. § 1605(a)(3) permits jurisdiction over "property taken in violation of international law" where that property is used in commercial activity in or involving the United States.

Here, Plaintiff's vague and conclusory claims of confiscated assets between 1941-1951 and property destruction in 2013 and 2019 fail to establish "takings" that violated international law. "[A]s is well-established, a state's taking of property from its own nationals does not contravene international law." *Bahgat v. Arab Republic of Egypt*, 13 Civ. 8894 (AT) (AJP), 2015 WL 13654006, at *5 (S.D.N.Y. Mar. 31, 2015) (Torres, J.) (collecting cases), *aff'd*, 631 F. App'x 69 (2d Cir. 2016). Moreover, Plaintiff fails to establish the unspecified property is either: (1) present in the United States in connection with a commercial activity carried on in the United States by Panama; or (2) owned or operated by an agency or instrumentality of Panama engaged in commercial activity in the United States. *See Garb v. Republic of Poland*, 440 F.3d 579, 588

3

(2d Cir. 2006) (setting out the standard for finding the "takings" exception to the FSIA). Consequently, the Republic of Panama is immune from suit under the FSIA. Plaintiff's claims are accordingly dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).[1]

## CONCLUSION

For the reasons stated above, Plaintiff's complaint against the Republic of Panama is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
May 30, 2019

---

[1] In any event, Plaintiff has not demonstrated venue in this district is proper under 28 U.S.C. § 1391(f), which requires that an event, omission, or property which is the subject of the action have taken place or be situated in the judicial district where the case is brought; otherwise the proper venue for an action against a foreign state is in the United States District Court for the District of Columbia

4